IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY WHEATLEY, | ) | CASE NO. 1:25 CV 1843 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| MAHONING COUNTY CLERK OF COURTS, | ) ) ) ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

Tiffany Wheatley, acting *pro se*, initiated this action on September 4, 2025, by filing a document titled "Case Initiating Notice of Removal." (Doc. No. 1). The Notice included a Cuyahoga County Court of Common Pleas case number, CV-25-118392, but the Notice fails to include any state court pleadings. It appears that Ms. Wheatley is attempting to remove her own lawsuit from the Cuyahoga County Court of Common Pleas. (*Id.*). In that case, Ms. Wheatley and her daughter, Aubriellen Wheatley, filed claims against the Mahoning County Clerk of Courts and Judge Anthony D'Apolito concerning Ms. Wheatley's criminal matter pending in Mahoning County Court of Common Pleas. *See Wheatley v. Mahoning County Clerk of Courts*, No. CV-25-118392 (Cuy. Cnty. C.P. filed May 28, 2025). Upon review, the Court finds that the state action has not been properly removed.

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332. The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). And "because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (alteration in original) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65, 33 V.I. 385 (3d Cir. 1996)).

As an initial matter, Ms. Wheatley is not a defendant in the state court case. The removal statutes clearly provide that only a defendant may remove a state civil action to federal court. *Shophar v. Kan. Dep't of Children & Families*, 2019 U.S. App. LEXIS 11980, *5 (6th Cir. 2019) (citing 28 U.S.C. §§ 1441(a), 1443, 1446(a)).

Additionally, to remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the

removability of the action may first be ascertained. 28 U.S.C. § 1446(a) and (b).

Here, the only removal document filed in this case is Ms. Wheatley's Case Initiating Notice of Removal that contains arguments purportedly in support of removal and a form complaint noting "See Notice of Removal." (*See* Doc. Nos. 1; 1-1 ). Ms. Wheatley has failed to file any pleadings from the Cuyahoga County Court of Common Pleas (Case No. CV-25-118392).

Accordingly, because this state action has not been properly removed from the Cuyahoga County Court of Common Pleas, it is not necessary to remand the matter to state court. The Court therefore dismisses this action. And the Court denies as moot all pending motions. (Doc. Nos. 2, 4, 8).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 12, 2025